■  SOL HYMOWITZ, Respondent, v. FRANK SOPRINSKY, Appellant.— Order, entered on November 16, 1964, denying defendant's motion for summary judgment dismissing the complaint on the ground that the action is barred by the Statute of Limitations, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to appellant, and the motion granted, with $10 costs. The accident, which is the subject of this litigation, occurred on April 15, 1960. An action commenced by plaintiff was dismissed on April 22, 1963 because plaintiff was not ready to proceed to trial. Thereafter, a motion to vacate the dismissal was denied and the order denying that motion was affirmed by this court. (*Hymowitz* v. *Soprinsky*, 19 A D 2d 799.) A new action was commenced on June 20, 1963 and defendant answered pleading the Statute of Limitations as a defense. CPLR 205 extends the time to bring an action for six months after the termination of a prior action, where the Statute of Limitations has run, except where the prior action is terminated by a voluntary discontinuance, a dismissal for neglect to prosecute or a final judgment on the merits. In our opinion, the prior dismissal of the action in April, 1963 constituted a dismissal for failure to prosecute within the meaning of CPLR 205. (*Schuman* v. *Hertz Corp.*, 23 A D 2d 646; *Wright* v. *Defelice & Son*, 22 A D 2d 962, affg. 40 Misc 2d 642.) Respondent's attempt to distinguish those cases on the basis of the reasons for dismissal is untenable. The nature of the excuse is matter which is pertinent on the motion to vacate the dismissal. In the instant case, our affirmance of the order denying a vacatur of the dismissal

was a finding that no appropriate excuse had been offered. Consequently, since the first action had been dismissed for failure to prosecute within the meaning of CPLR 205, plaintiff was not entitled to the six months' extension provided for in that statute. The Statute of Limitations was, therefore, a bar to the second action and defendant's motion for summary judgment should have been granted. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.